IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ALLEN YOUNG**                                                           **PLAINTIFF**

**v.**                                                         **CAUSE NO. 1:12CV390 LG-JMR**

**DOMINIC OVELLA**                                            **DEFENDANT**

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
MOTION FOR SUMMARY JUDGMENT**

BEFORE THE COURT is the Motion [7] for Summary Judgment filed by defendant Dominic Ovella. Ovella argues that Young's malicious prosecution lawsuit is barred by the one-year statute of limitations for intentional torts. Young has responded in opposition, and Ovella has replied. After due consideration of the issues presented, the Court finds that Young's claims of malicious prosecution and intentional infliction of emotional distress are barred by the statute of limitations. However, the negligent infliction of emotional distress claim is not subject to the same limitation period. While Ovella has shown he is entitled to summary judgment in regard to the intentional tort claims, he has not made that showing in regard to the negligence claim. His Motion will therefore be granted in part and denied in part.

BACKGROUND

Young filed this lawsuit on July 12, 2012 in Harrison County, Mississippi, Circuit Court. It was removed to this Court and consolidated with a similar lawsuit filed by Colie Donaldson. Both Allen Young and Colie Donaldson had been defendants in a case prosecuted through a jury trial by Dominic Ovella and his wife

Kathleen. *Ovella v. B & C Constr. & Equip., LLC*, No. 1:10cv285-LG-RHW (S.D. Miss. Mar. 1, 2010). The jury found against the Ovellas and in favor of the defendants. The Court entered judgment on February 15, 2012. However, Young had been dismissed from the case prior to trial. He had filed a summary judgment motion that the Ovellas did not oppose. The Court granted the motion on June 13, 2011, expressly finding that "there is no dispute that Young should not be a party to this action." (Order Granting Mot. Summ. J., *Ovella v. B&C Constr.,* (June 13, 2011), ECF No. 245). Young obtained a final judgment pursuant to Fed. R. Civ. P. 54(b) on July 18, 2011.

Young's and Colie Donaldson's consolidated claims of malicious prosecution and infliction of emotional distress are based on Ovella's lawsuit against them. Colie Donaldson's claims have now been remanded to Harrison County Circuit Court, with this Court retaining jurisdiction of Young's case. (*See Order Granting Mot. to Remand*, Mar. 18, 2013, ECF No. 19). Young's complaint brings claims against Dominic Ovella of malicious prosecution, and intentional and negligent infliction of emotional distress.

## DISCUSSION

Ovella contends that Young had one year from the date of his dismissal on June 13, 2011, to file his malicious prosecution and derivative claims. Miss. Code Ann. § 15-1-35; *City of Mound Bayou v. Johnson*, 562 So. 2d 1212, 1219 (Miss. 1990). Using June 13, 2011 as the date triggering the limitations period, Ovella argues that Young's claims are barred because they were filed 29 days late. In

response, Young argues that the Rule 54(b) judgment, entered July 18, 2011, triggered the limitations period, making his claims timely.

Ovella cites the Mississippi Supreme Court case of *Joiner Insurance Agency, Inc. v. Principal Casualty Insurance Co.*, 684 So. 2d 1242 (Miss. 1996), in support of his argument. In that case, the court considered the same argument being made by Young here. The plaintiff argued that "the 'termination of proceedings' element of malicious prosecution is required to rise to the level of a M.R.C.P. 54(b) final judgment for purposes of determining when the cause of action for malicious prosecution accrued." *Id.* at 1244. The court found that a final judgment is not necessary to trigger the statute of limitations. It held that,

> [a]lthough this Court requires a termination, a final termination is not required. Our holdings in other cases teach that the termination element of a malicious prosecution claims does not require an appealable judgment or a dismissal "with prejudice." . . . The requirement of termination is satisfied by showing that the civil suit upon which the malicious prosecution claim is based was abandoned.

*Id. See also Lochridge v. Pioneer Health Servs. of Monroe Cnty., Inc.*, 86 So. 3d 942, 946 (Miss. Ct. App. 2012).

In this case, it is apparent that the Ovellas' claims against Young were terminated on June 13, 2011, when his unopposed summary judgment motion was granted and the claims against him were dismissed. The Ovellas abandoned their claims against him when they did not oppose his summary judgment motion. Under Mississippi law, the date of the final judgment is immaterial. Accordingly, the event triggering the statute of limitations period was the June 13, 2011 order of

dismissal.  As this case was filed more than one year from June 13, 2011, the claims of malicious prosecution and intentional infliction of emotional distress are barred by the statute of limitations, Miss. Code Ann. § 15-1-35.  *Jones v. Flour Daniel Servs. Corp.*, 32 So. 3d 417, 423 (Miss. 2010).

In their briefing, the parties have disregarded Young's negligent infliction of emotional distress claim, treating the complaint as though it contained only intentional tort claims.  The negligent infliction of emotional distress claim is not subject to the same limitation period, but is governed by the "catch-all" three-year statute of limitations at Miss. Code Ann. § 15-1-49.  *Norman v. Bucklew*, 684 So.2d 1246, 1256 (Miss. 1996); *McGuffie v. Herrington*, 966 So. 2d 1274, 1278 (Miss. Ct. App. 2007).  Ovella does not argue that he is entitled to summary judgment on the basis of the three-year statute of limitations in regard to the negligent infliction of emotional distress claim.  Accordingly, his Motion will be denied as to that claim.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion [7] for Summary Judgment filed by defendant Dominic Ovella is **GRANTED IN PART.** Plaintiff's claims of malicious prosecution and intentional infliction of emotional distress are **DISMISSED**.  The Motion is **DENIED** in regard to plaintiff's claim of negligent infliction of emotional distress.

**SO ORDERED AND ADJUDGED** this the 29th day of April, 2013.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE